By the Court.—Freedman, J.
This is an appeal from a judgment rendered at an equity term of this court after a trial of the issues. The plaintiff sued as the owner of certain easements appurtenant to certain premises situate on Second avenue in the city of New York, which were alleged to have been taken or at least seriously impaired by reason of the construction, maintenance and operation of the elevated railway of the defendants in front of plaintiff’s premises. The judgment awarded damages to the plaintiff for the injuries inflicted in the past, and also gave an injunction to prevent the continued maintenance and operation of the railway unless a certain compensation was made. The whole theory of the action is that the construction, maintenance and operation of the elevated railway constitute an excessive and inconsistent street use, and that by reason of such construction, maintenance and operation Second avenue had not been kept open in like manner as the other public streets and avenues in the city of New York are and of right ought to be. But the learned trial judge, after finding that Second avenue, past and in front of plaintiff’s *284 premises, had been laid out and opened as a public avenue under the Act of 1813, further found, as matter of fact, that the said avenue from henceforth (viz. its opening) continuously has been and now is appropriated and kept open for a public avenue, highway, and thoroughfare in the city of New York, in like manner as the other public streets and avenues in the said city are and of right ought to be. This finding is in irreconcilable conflict with the conclusions of law of the learned trial judge and with the judgment herein. From the fact that there are other findings which fully sustain the conclusions of law and the judgment, the fair inference is that, the finding referred to was made by inadvertence. It was made on the application of the plaintiff, and probably was not intended to be an unqualified finding. But in form it is unqualified, and it was made as a separate and distinct finding. This being so, and the Court of Appeals having repeatedly held, that whenever two findings of fact are inconsistent, the appellant is entitled, in support of his exceptions to the conclusions of law, to have that taken as true which is the more favorable to himself (Bonnell v. Griswold, 89 N. Y. 122; Schwinger v. Raymond, 83 Ib. 192; Conselyea v. Blanchard, 103 Ib. 231; Redfield v. Redfield, 110 Ib. 671; Green v. Roworth, 113 Ib. 462), a new trial must be ordered.
Another serious question is presented by the fact that the plaintiff acquired title to the premises to which the easements are claimed to be appurtenant, three or four years after the construction and the commencement of the operation of the elevated railway, and that she failed to connect herself with the street opening proceeding in which the easements originated, or with the title of some one who, as owner of the'premises, had a right to the easements prior to the construction of the elevated railway. The defect, if it be any, may be obviated on a new *285 trial which, as already shown, must be had, and consequently it is not deemed necessary to decide the question now, nor to express any opinion on thé remaining questions which have been argued.
Judgment reversed and new trial ordered, with costs to appellants to abide the event.
Truax and Ingraham, JJ., concurred.